[Crim. No. 4648. Second Dist., Div. Three. Nov. 14, 1951.]

THE PEOPLE, Respondent, v. ROBERT FRED McKAY, Appellant.

Edmund I. Read for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant McKay was accused of two offenses of robbery with codefendants McCabe and Henderson and one offense of robbery with his codefendant Henderson. It was alleged that the defendants had been armed with an automatic pistol, a deadly weapon. It was also alleged that appellant had suffered two prior convictions of robbery and one of violation of section 503, Vehicle Code, a felony. In a trial by jury McKay was found guilty of two offenses of first degree robbery and it was found that he was armed as alleged at the time of the commission of each offense. Motion for a new trial and application for probation were denied. Count III of the information was dismissed. He appeals from the judgments and from the order denying his motion for a new trial. The evidence is not challenged for legal insufficiency although it is argued that it raised a reasonable doubt of guilt.

The first count of the information charged the robbery of one Propker, proprietor of a liquor store. Propker testified that one man he identified as Henderson, who had pleaded guilty, pointed a revolver at him during the robbery; that McKay came in with Henderson and McCabe and inquired about some merchandise and stood by while the robbery took place and that McCabe watched the front entrance of the store. Two hundred dollars was taken from the cash register. The offense charged in Count II was the robbery of another liquor store shortly before the robbery of Propker. The clerk in this store, Kay Choi, identified appellant and Henderson as the persons who robbed him and testified that Henderson held a gun on him while the two robbed him. He was ordered into another room where he went accompanied by appellant and where he remained until the two defendants left.

Some two weeks after the robberies appellant and Henderson were apprehended in an alley late at night. Two police officers questioned them as to what they were doing. Appellant said their car had run out of gas, that they were going to a restaurant and, after that, to a gas station for gas. They were observed to go to the restaurant and to return to their car with a gallon of gas. They were told that their gas gauge had been checked and it showed that they had a quarter of a tank of gasoline. The car started immediately when the starter was operated at the request of the officers. Defendants were arrested and taken to the South Gate Police Station, where they were searched. No gun was found. Appellant was taken into the booking tank, Henderson into the interrogation room. Appellant was taken from the booking tank into the lieutenant's office. The tank was searched after he left it but nothing was found. Henderson was then placed in the booking tank where he remained about 25 minutes. No other prisoner had been there after appellant left. Thereafter, a police sergeant entered the booking tank and found an automatic pistol which contained five cartridges in the clip and one in the chamber. Appellant admitted having seen the gun in a bookcase at Henderson's home. Later appellant was questioned at the University Station in Los Angeles in the presence of two Long Beach police officers, Inspector Wiggens and another officer, who had brought appellant to the station. Tidyman, a Los Angeles officer, testified that in the presence of appellant Wiggens stated that on the way up in the car appellant stated that "if something could be worked out where he could be returned to the California Youth Authority that he might be willing to talk then, but otherwise he couldn't afford to make any statements whatsoever"; that he, Tidyman, asked appellant if that was right and he said it was, that "he had to take his chance on beating it because he just couldn't afford to make any statement under the circumstances." The witness also testified that he told appellant that the police had positive identification of him as one of the robbers, that he asked appellant if he wished to make any statement and that appellant declined to do so.

██ Appellant complains of error in the admission of evidence as to the circumstances of his arrest, in that it tended to prove that he and Henderson were preparing to commit some other crime such as burglary or robbery. We do not believe the evidence carried such an implication. The actions and statements of appellant and Henderson, as described,

were perfectly normal except for the fact that they may not have been out of gas as appellant claimed. Evidence that they had a car, as the robbers did, that appellant admitted ownership of it, and that they were found together was relevant.

It is also contended that appellant's objection to the testimony as to the finding of the gun should have been sustained. The ground of the objection appears to be that the testimony was obviously false inasmuch as Henderson and appellant had previously been searched and no gun had been found. Appellant argues that it was more reasonable to believe that some officer had taken the gun from Henderson's home and placed it in the booking room at the station. The gun belonged to Henderson, appellant knew this, and the gun, which was placed in evidence, was recognized by the witnesses as of the same general appearance as the one used by the robbers. We find no error in the admission of evidence as to the circumstances of appellant's arrest or the discovery of the gun.

The court did not err in overruling appellant's objection on the ground of hearsay to testimony as to appellant's statements concerning his being returned to the California Youth Authority. It did, as he claims, indicate forcibly that he had been in trouble before, but it also tended to indicate a consciousness of guilt, as did his refusal to make any statement or denial when informed that he had been identified as one of the robbers. (*People* v. *Hurst,* 108 Cal.App. 24 [290 P. 887] ; *People* v. *Yeager,* 194 Cal. 452, 486 [229 P. 40].)

Although appellant presented a defense of alibi, he was positively identified by the victims of the robberies, as was Henderson. He was given a fair trial, and the verdicts have ample support in the evidence. Appellant's motion for a new trial was properly denied.

The judgments and order denying motion for a new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.